JAMES FARRIS AND WIFE *v.* J. DUNN ET AL.

Pleadings—Amended Cross-Petition, Offer to File.

> Allegations of fraud, in a cross-petition, and of the payment of a portion of the mortgage, in litigation, uncontroverted in that there was a mere motion to reject the filing of same, which was sustained, presented a prima facie case for relief, and it was error for the court to reject the amended cross-petition as offered.

APPEAL FROM GARRARD CIRCUIT COURT.

February 1, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Of the various and numerous objections taken to the proceedings and judgment of the court below, such only as seem to be available for reversal will be noticed.

At the August term, 1867, of the Garrard Circuit Court appellants presented, and asked to be permitteed to file an amended cross-petition, in which it is distinctly stated, with many other allegations, that the debts to secure which the mortgage to Dunn and others, was executed, were in fact the debts of Wm. A. Hoskins, and that being the case, said Hoskins agreed to, and with said mortagees to pay off, and satisfy the same, and that he actually did pay to them two thousand dollars of said mortgage debts for which they had given no credit. This amended answer and cross-petition the court below refused to permit appellants to file, to which an exception was taken.

Besides, it is alleged that the mortgage was procured by fraud, and exercise of improper, and undue influence over the mortgagor by the mortagees or some of them which, with the alleged payment, presented issues that should have been tried and disposed of, and until that was done the collection of the bonds for the purchase of the land, unless it should be made to appear to the court that the obligors therein would be unable to pay them and the securities for their payment would ultimately prove insufficient should be suspended, until the question as to the alleged fraud and payment be adjudicated.

The allegations of fraud, and of the payment of $2,000 uncon-

troverted as they were by a mere motion to reject the amended cross petition, presented a *prima facie* case for relief, and the court below should have permitted amended cross petition to be filed, and a reasonable time after the facts presented for appellants to prepare the case under these issues thus tendered for trial.

This court is not prepared to decide that the mortgagees should be compelled to credit the debt with the value of the slaves mortgaged, at the maturity of the debt, or forfeiture of the mortgage. Nor should they be required to suspend the collection of the sale bonds until the litigation on the subject of the *validity of the will of Wm. Hoskins* shall be terminated, if that litigation should not be terminated when the issues of fraud and payment of the $2,000 by Wm. A. Hoskins are decided.

For the errors stated the judgment is *reversed,* and the cause is remanded with directions to permit the amended cross-petition tendered by appellants to be filed and for further proceedings not inconsistent with this opinion.

*Bradleys, for appellant.*

*Dunlap, for appellee.*

